IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD LEE EGGER, ) | |
| ) | |
| Petitioner, ) | 4:04cv3314 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| FRED BRITTEN, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 15, the respondent's Motion to Dismiss, and filing no. 18, the petitioner's Response to Motion to Dismiss. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), the petitioner, Ronald Lee Egger, alleges violations of his civil rights in connection with his conviction and sentence in the District Court of Cheyenne County, Nebraska, on or about September 17, 1998, after a jury trial on a charge of first degree sexual assault and incest. Among other grounds for dismissal, the respondent asserts that the § 2254 petition is barred as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs whether a § 2254 petition is timely. The AEDPA imposed a one-year statute of limitations on federal habeas petitions filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A). See also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999):

>   In Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187... (1999), § 2244(d)(1)(A) was interpreted by a panel of this court as follows: the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

28 U.S.C. § 2244(d)(2) tolls the one-year statute of limitations while a habeas corpus petitioner exhausts any available state postconviction remedies.  See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001);  Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001).  However, the AEDPA statute of limitations does not begin to run anew when a state court enters judgment denying postconviction relief, and such a judgment will not suspend, reset or toll the statute of limitations or "cure" a time-barred § 2254 petition.  Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000).

After his sentence on September 17, 1998, the petitioner's direct appeals ended on October 12, 1999.  For purposes of the AEDPA statute of limitations, the judgment of conviction became final 90 days thereafter when the period expired in which the petitioner could have applied to the United States Supreme Court for a writ of certiorari.  See Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001):  "It is settled that 'the conclusion of direct review' includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari."

Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), the petitioner's judgment of conviction became final on January 10, 2000, and the AEDPA statute of limitations began

to run. The limitations period continued to run for 365 days and expired on or about January 10, 2001.

The petitioner did not seek collateral review until May 2, 2001 (478 days after his judgment of conviction became final), when he filed an action in state court for postconviction review. Therefore, by the time the petitioner filed his postconviction action, the AEDPA statute of limitations had already expired. A petitioner who fails to seek collateral review in the state courts within 12 months after "the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), risks expiration of the AEDPA statute of limitations before exhaustion of state judicial remedies has even begun. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).[1]

THEREFORE, IT IS ORDERED:

1. That filing no. 15, the respondent's Motion to Dismiss, is granted;

2. That filing no. 18, the petitioner's Response to Motion to Dismiss, is overruled;

3. That the Petition for Writ of Habeas Corpus filed by Ronald Lee Egger is denied and dismissed with prejudice; and

4. That a separate judgment will be entered accordingly.

DATED this 5th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[1] As well as the 478 days between the date the conviction became final and the beginning of postconviction review, an additional 141 days passed between the conclusion of postconviction review and the date of the petitioner's § 2254 petition.