IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD LEE EGGER, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3314 |
| | ) | |
| vs. | ) | ORDER ASSESSING |
| | ) | APPELLATE FILING FEE |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 21, the Notice of Appeal filed by the petitioner, Ronald Lee Egger, who appeals the Memorandum and Order (filing no. 19) and Judgment (filing no. 20), dismissing his Petition for Writ of Habeas Corpus ("§ 2254 petition") as untimely. Also before the court are: (1) filing no. 22, the petitioner's Motion for Leave to Proceed in Forma Pauperis ("IFP") on appeal and Motion for a Certificate of Appealability; (2) filing no. 23, the petitioner's Motion for Appointment of Counsel on appeal; and (3) filing no. 24, the petitioner's Motion for Release on Bail pending appeal.

**In Forma Pauperis**

Because the petitioner has previously been granted leave to proceed in forma pauperis ("IFP") in the district court, and because this appeal is taken in good faith, the petitioner may continue to proceed IFP on appeal pursuant to Fed. R. App. P. 24(a)(3).[1] However, to calculate the plaintiff's initial partial appellate filing fee and issue a Collection Order, the court requires certified trust account information from the plaintiff's institution for the last six (6) months. Until such documents are received, the court will grant the plaintiff provisional leave to proceed IFP on appeal, and the Clerk of Court shall request the

---

[1]Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....
(3) Prior Approval.   A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

necessary statements from the appropriate official for the plaintiff's institution. The Clerk of Court shall not process the appeal to the Eighth Circuit until this court issues a Collection Order regarding the amount of the initial partial appellate filing fee.

The plaintiff is hereby notified that leave to proceed IFP on appeal does not exempt him from liability for payment of the full $255 appellate filing fee in installments regardless of the outcome of the appeal. In addition, by filing a notice of appeal, the plaintiff consents to the deduction by prison officials of the filing fee from the plaintiff's inmate prison account. Absence of the required prison account information will result in the assessment of an initial partial appellate filing fee of $35 or such other amount as is reasonable, based on whatever information the court has about the plaintiff's finances.

After payment of the initial partial appellate filing fee, the remaining balance of the appellate filing fee shall be collected by the plaintiff's institution in accordance with 28 U.S.C. § 1915(b)(2), which states:

> (b)(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

### Certificate of Appealability

However, before the petitioner may appeal the denial of his § 2254 petition, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2254 petition is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c) states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
> > ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Similarly, Fed. R. App. P. 22(b) indicates that in an action pursuant to 28 U.S.C. § 2254 by a prisoner in state custody, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. See generally Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. A substantial showing of the denial of a constitutional right requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing Barefoot v. Estelle, 463 U.S. 894 (1983) (which defined the pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

In this case, the petitioner filed his § 2254 petition after expiration of the statute of limitations. See 28 U.S.C. § 2244(d). On review and consideration of the record and the applicable law, and for the reasons stated in filing no. 19, I conclude that the petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. Therefore, a certificate of appealablity will not issue under 28 U.S.C. § 2253(c).

### Counsel

The plaintiff's motion for appointment of counsel on appeal should be addressed to the Eighth Circuit Court of Appeals. Therefore, filing no. 23, the plaintiff's pending motion for appointment of counsel, will be denied, without prejudice to reassertion of a similar motion before the Eighth Circuit Court of Appeals.

**Bail**

This court has the inherent power to grant bail pending resolution of a habeas corpus case, but only in limited circumstances. "Release on bail pending disposition of [a] habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that 'presents not merely a clear case on the law, but a clear, and readily evident, case on the facts,'... but also the existence of 'some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice.'... Habeas petitioners are rarely granted release on bail pending disposition or pending appeal." Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986) (citations omitted). See also Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001):

> Even as we have acknowledged the authority of the federal courts to grant bail to habeas petitioners, however, we have also, and consistently, emphasized that this power is a limited one, to be exercised in special cases only. As we noted ... "a habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."... "[t]he standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective."

At a minimum, this case lacks the traditionally recognized kind of extraordinary or exceptional circumstance, such as a medical emergency, which would qualify the petitioner for release on bail pending disposition of his habeas corpus case.

THEREFORE, IT IS ORDERED:

1. That filing no. 22, the petitioner's Motion for Leave to Proceed in Forma Pauperis ("IFP") on appeal and Motion for a Certificate of Appealability, is granted in part and denied in part, as follows:

> a. Leave to proceed IFP on appeal is provisionally granted, subject to calculation of the initial partial appellate filing fee after receipt of the plaintiff's certified inmate trust account information;
>
> b. An appellate filing fee of $255 is assessed for this appeal, to be paid in accordance with 28 U.S.C. § 1915(b);
>
> c. The Clerk of Court shall request a certified copy of the plaintiff's trust account information from the financial officer for the plaintiff's institution;

4

    d.    Upon receipt of the trust account information, the Clerk shall bring this matter to the attention of the court so that the court may issue a Collection Order specifying the amount of the initial partial appellate filing fee;

    e.    After receipt of the plaintiff's trust account information and the court's entry of a Collection Order stating the amount of the initial partial appellate filing fee, the Clerk shall notify the plaintiff and the plaintiff's institution accordingly, and the Clerk shall process the appeal to the Eighth Circuit;

    f.    After payment of the initial partial appellate filing fee, the remaining balance of the appellate filing fee shall be collected by the plaintiff's institution in accordance with 28 U.S.C. § 1915(b)(2);

    g.    A Certificate of Appealability is denied;

    2.    That filing no. 23, the petitioner's Motion for Appointment of Counsel on appeal, is denied, without prejudice to reassertion of a similar motion directly to the Eighth Circuit Court of Appeals; and

    3.    That filing no. 24, the petitioner's Motion for Release on Bail pending appeal, is denied.

    DATED this 8th day of June, 2005.

                                BY THE COURT:

                                s/ Joseph F. Bataillon
                                JOSEPH F. BATAILLON
                                Chief District Judge